BARBARA A. ANDERSON *vs.* WILLIAM WILLIAMS, Exr.

PROVIDENCE—MARCH 28, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Probate Law and Practice. Filing Claims against Estate. Estoppel.*

A creditor who files in the office of the clerk of a Probate Court a claim against an estate, under Gen. Laws cap. 215, § 2, is bound by such claim, in any subsequent action against the estate, both as to the amount of and period covered by the claim, and also as to the nature of the claim.

ASSUMPSIT. Heard on demurrer to replication, and demurrer sustained.

DOUGLAS, J. The declaration in this case contains three counts: The first alleges a special contract by the defendant's

testator, Matthew Younger, to bequeath to the plaintiff a
sum of money exceeding $2,800, if the plaintiff should per-
form certain work for him, and the performance of the con-
tract by the plaintiff, and the default of the testator.

The second is a count for $4,171.50 for work, skill, care, and
diligence as housekeeper, servant, and nurse for the testator;
and the last is a count for interest.

It appears from the plaintiff's bill of particulars that she
is suing to recover for services from February, 1884, to Sep-
tember, 1899.

The defendant pleads specially that the plaintiff did not
file the claims set forth in the declaration with him nor with
the Probate Court of the town of Bristol within six months
from the date of the defendant's first advertisement of the
notice of his qualification as executor.

To this plea the plaintiff replies, *actio non &c.*, because she
saith that she did present to said defendant executor and
also filed in the clerk's office of the Court of Probate of Bristol
a claim for services rendered by her for said defendant's tes-
tator during his lifetime, within six months, etc. "Yet, by
reason of mistake on the part of the plaintiff as to her right to
recover for her services rendered for said testator for the en-
tire time and for the entire amount of her compensation for said
services rendered in her said declaration mentioned beyond
the period of six years next before the death of said testator,
she presented to the said defendant and filed in the office of
the clerk of the Court of Probate, as aforesaid, a claim for
services rendered by her for said testator during the said
period of six years, or thereabouts, next before the death of
said testator, of the time mentioned in plaintiff's declaration,
being a part of the same services rendered by the plaintiff
for the defendant's said testator for the period of time as in
her said declaration mentioned, and also including in the said
claim for services her claim for the sum of twenty-five hun-
dred dollars as compensation therefor instead of prosecuting
the said defendant executor and filing in said clerk's office of
said Court of Probate, as aforesaid, as she rightfully might
have done, but for her said mistake, her claim for services

rendered by her during the entire period of time during which she rendered the said services for the testator during his lifetime, and for the sum of forty-one hundred and seventy-one 50-100 dollars, as compensation for said services rendered as in plaintiff's declaration mentioned; and this," etc.

To this replication the defendant demurs, and the questions are thus raised whether a claim for $2,500 for services rendered will support an action for damages for non-performance of a special promise to pay for services by a legacy of more than $2,800, and whether the notice of a claim for $2,500 for six years' services will support an action for $4,171.50 for services covering a longer period; or, in other words, can the plaintiff recover upon the first count at all, and can she recover upon the second count for services in excess of her claim filed with the defendant?

We think that both these questions must be answered in the negative.

(1)     The statute, Gen. Laws cap. 215, § 2, requires that before any claim of a creditor against the estate of a deceased person can be put in suit against the executor or administrator, it must be presented to the executor or administrator or filed in the clerk's office of the Probate Court within six months from the date of his first advertisement, or within one year if the court shall extend the time; and the statute also prescribes that "no claims other than those presented as aforesaid can be enforced against said estate, but other just claims may be paid by the executor or administrator of solvent estates out of assets in his hands at any time."

It is plain that the claim set out in the first count in this case was never presented as required by the statute; but the plea is to the whole declaration, so that if the second count is good the plea must be overruled and the demurrer sustained.

While we should hesitate to apply the bar of the statute to a claim which had been substantially made, though lacking in technical exactness of statement, or to a claim which omitted to state unliquidated damages, yet we can not concede the right of a creditor who has stated a claim for a definite sum of money,

for services rendered in a definite period of time, to sue for other services rendered outside of that period or for an amount of money greater than that originally claimed.

A reasonable time is given to creditors to present their claims, but when that period has expired the executor has the right to regard the claims which are filed as constituting the maximum indebtedness of the estate and to deal with it accordingly. He is required within thirty days after the expiration of the time for filing claims to file his statement allowing or denying the validity of these same claims—Pub. Laws cap. 864—and if commissioners are appointed or suit is brought, it is the claim presented which goes before the commissioners or the court.

No provision is made for the determination of any question not embraced in the claim as originally presented. If one creditor may increase his claim, so may all; and an executor who has funds sufficient to pay the claims as originally filed may be seriously embarrassed from beginning to settle the estate as solvent and finding later that it is insolvent.

The object of the statute is to facilitate the settlement of the estates of deceased persons and to make all the prescribed steps towards the distribution of the estate conclusive when they have once been taken.

This conclusion is in harmony with the former decisions of this court.

In *Atwood* v. *R. I. Agricultural Bank*, 2 R. I. 191, 196, attention is called to the fact that the general statute of limitations makes several exceptions in favor of persons under disability, but that none of these exceptions are made by the special statute of limitations of actions against executors and administrators, "and this fact," say the court, "shows that the legislature intended the limitation should be absolute."

In *Providence Steam Carpet Beating Co.* v. *Hazard*, 20 R. I. 131, it was held that a creditor of an insolvent estate who by accident or mistake has failed to present his claim to the commissioners within the time limited has no remedy except to ask the Probate Court to extend the time limited.

In *Thompson* v. *Hoxsie*, 25 R. I. 377, 380, the court construe

Gen. Laws cap. 215, § 2, as an absolute requirement which must be complied with to secure the right to bring suit.

The demurrer must be sustained and the replication overruled.

*Ballou & Tower*, for plaintiff.

*Norris & Hoffman*, for defendant.